Mont. LBF 19.  CHAPTER 13 PLAN.
[Mont. LBR 9009-1(b)]

Juliane E. Lore (Bar ID # 9786)
LORE LAW FIRM PLLC
3201 Hesper Rd., Ste. 5
Billings, MT 59102
Tel.: (406) 206-0144
E-Mail: juliane@lorelaw.us

*Attorney for Debtors*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| IN RE:<br><br>COLTIN LEE BURGESS and<br>AMBER MARIE BURGESS<br><br>                      Debtors. | Case No. 19-60516-13-BPH<br><br>**CHAPTER 13 PLAN**<br>**DATED  JUNE 6, 2019** |

**To Debtors**: In the following notice to creditors, you must check each box that applies.

**To Creditors**: Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. If you oppose the plan's treatment of your claim or any provision of this plan, you must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed.

             **X**       This Plan contains non-standard provisions in paragraph 11.
             No

             **X**       This Plan limits the amount of secured claims in paragraph 2(b) which may
   Yes   No       result in a partial payment or no payment at all to the secured creditor.

             **X**       This Plan avoids a security interest or lien in paragraph 11.
   Yes   No

   **1.   FUTURE EARNINGS/INCOME.** The future earnings and other income of the Debtor is submitted to the supervision and control of the Chapter 13 Standing Trustee as necessary for the execution of this Plan, and Debtor(s) shall pay to the Trustee the sum of **$800.00** each month for a term of **36** months, or until all of the provisions of this Plan have been

completed.  The Debtor shall make payments to the Trustee by wage withholding from his employer. Plan payments shall commence within thirty (30) days following the filing of the petition.

**2   PAYMENTS/DISBURSEMENTS.** From the payments so received, the Trustee shall make disbursements as follows:

(a) **Administrative Claims.**  The Trustee shall pay those claims, fees or charges specified in 11 U.S.C. § 507(a)(2), including the Debtor(s) attorney fees and costs in such amount as may be allowed by the Court.  As of the date of this plan, Debtor(s) counsel estimates that total attorney fees and costs for representation of Debtor(s) (excluding the fee for filing the Debtor(s) petition) will be as follows:

| | | |
|---|---|---|
| Estimated total attorney fees: | | $4000.00 * |
| Estimated total costs | + | $0 |
| | = | $0 |
| Less retainer: | - | $1600.00 |

TOTAL FEES AND COSTS TO BE PAID THROUGH PLAN: $2400.00 ____

* If this figure differs from the Disclosure of Compensation originally filed by the Debtor(s) attorney, said Disclosure must be amended simultaneously with the filing of this plan or amended plan, as provided in Fed. R. Bankr. P. 2016(b).

(b) **Impaired Secured Claims.**  After the payments provided for above, the Trustee shall pay allowed secured claims, as determined pursuant to 11 U.S.C. § 506(a), together with interest at the rate set forth below from the date of confirmation, on a pro rata basis, as follows:

| Name of Creditor | Claim Number | Allowed Secured Claim * | Rate of % |
|---|---|---|---|
| STANDARD AUTO CREDIT | | $14,390.00 | 2% |

[* This figure is the lesser of the total amount of the debt owing to the creditor or the value of the collateral securing said debt.]

Secured creditors shall retain their liens as provided by 11 U.S.C. § 1325(a)(5)(B).  In order for any unsecured deficiency to be allowed and paid, a proof of claim must be filed pursuant to Montana's Local Bankruptcy Rules.

(c) **Unimpaired Secured Claims.**  The following secured creditors, whose claims will be left unimpaired by this Plan, are not provided for by this Plan and shall receive no payments through the Trustee except with regard to those arrearages specified below, if any:

| Name of Creditor | Description of Collateral |
|---|---|

Concurrently with the payments on impaired secured claims specified above, the following arrearages on unimpaired secured claims, if any, shall be paid through the Trustee on a pro rata basis until the same have been paid in full:

| **Name of Creditor** | **Claim No.** | **Amount of Arrearage** |
|---|---|---|

 Upon completion of the Plan, all prepetition arrearages provided for by this Plan shall be deemed current.

(d) **Domestic Support Obligations.**  After the payments provided for above, the Trustee shall pay all allowed prepetition domestic support obligations.  Such allowed claims for prepetition domestic support obligations shall be paid in full under this Plan, without interest (unless otherwise provided).

| **Creditor** | **Claim No.** | **Claim Amount** |
|---|---|---|
| NA | | |

(e) **Priority Claims.**  After the payments provided for above, the Trustee shall pay allowed claims entitled to priority in such order as specified in 11 U.S.C. § 507.

(f) **General Unsecured Claims.**  After the payments provided for above, the Trustee shall pay dividends, to the extent possible, to allowed unsecured, nonpriority claims on a pro rata basis.

(g) **Liquidation Analysis.**  The total amount distributed under paragraphs 2(d), (e) and (f) above will be at least **$ 0.00   **, which exceeds what would be available to pay unsecured claims if the Debtor(s) estate was liquidated under Chapter 7 of the Bankruptcy Code.  A discharge will not be entered by the Court until said sum has been distributed, or until all allowed unsecured claims have been paid in full, whichever is less.

3.  **REJECTION OF CONTRACTS OR LEASES.**  The Debtor(s) rejects the following executory contracts and unexpired leases, and shall surrender property subject to such contracts or leases:

| **Type of Agreement** | **Date of Agreement** | **Other Party to Contract** |
|---|---|---|

All other executory contracts and unexpired leases shall be affirmed.

**4.   SURRENDER OF PROPERTY.**  The Debtor(s) surrenders any and all interest in the following described collateral to the stated secured creditor in full satisfaction of the creditor's allowed secured claim.  In order for any unsecured deficiency to be allowed and paid under this Plan, a proof of claim must be filed pursuant to Montana's Local Bankruptcy Rules. Upon confirmation, the stay that arose under 11 U.S.C. § 362 and 11 U.S.C. § 1301 immediately terminates without further order. The termination does not authorize actions for personal liability or property not surrendered.

**Secured  Creditor          Description of Collateral**

**5.   POSTPETITION SECURED DEBT:**  The Debtor(s) reserves the right to incur post-petition secured debts, upon prior written approval of the Trustee, for items necessary to Debtor(s) performance under this Plan.

**6.   REPORT OF CHANGES IN INCOME:**  The Debtor(s) shall commit all projected disposable income to the Plan for the applicable commitment period and shall immediately report any changes in income in excess of 10% per month to the Trustee.

**7.   DECLARATIONS:**  Under penalty of perjury, Debtor(s) affirms that all federal and state income, employment and other tax returns due as of the date of this plan have been filed with the appropriate agency, and that all post-petition payments due on all domestic support obligations have been paid through the date of this Plan.

**8.   VESTING OF PROPERTY OF THE ESTATE.** Property of the estate shall revest in the Debtor(s) upon (Check the applicable box):

__   Plan confirmation.
**X**  Closing of the case.
__Other: _____

**9.   PREVIOUS BANKRUPTCIES, AND DISCHARGE:**  (Check one)

_ Debtor(s) is not eligible for a discharge of debts because the Debtor(s) has previously received a discharge described in 11 U.S.C. § 1328(f).

**X** Under penalty of perjury, Debtor(s) declares that he/she has not received a discharge in a previous bankruptcy case that would cause him/her to be ineligible to receive a discharge in the above-entitled case under 11 U.S.C. § 1328(f).

**10** **INCOME TAX REFUNDS:**  Debtor(s), within 14 days of filing the return, will supply the Trustee with a copy of each tax return filed during the Plan term and will  (Check one):

_ ___ Retain any tax refunds received during the Plan term and has included them in Debtor(s) budget.

X___Turn over to the Trustee all income tax refunds received during the plan term.

_____Turn over to the Trustee a portion of any income tax refunds received during the Plan term as specified below.

**10. NON STANDARD PLAN PROVISIONS.**

_ None.

If "None" is checked, the rest of Paragraph 11 need not be completed or reproduced.
Under Bankruptcy Rule 3015(c), nonstandard provisions are required to be set forth below.

**These Plan provisions will be effective only if the applicable box on Page 1 of this Plan is checked.**

**11. CERTIFICATION.** No changes have been made to the form required by Montana Local Bankruptcy Rules except those referenced in Paragraph 11 and the Debtor(s) is not seeking confirmation of any provision not allowed under the Federal Rules of Bankruptcy Procedure.

DATED this 6th day of June, 2019.

/s/ Coltin L. Burgess
Debtor, COLTIN LEE BURGESS

/s/ Amber M. Burgess
Debtor, AMBER MARIE BURGESS

/s/ Juliane E. Lore_____
Attorney for Debtors

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify under penalty of perjury that on the 6th day of June, 2019, a copy of the foregoing CHAPTER 13 PLAN DATED June 6, 2019 was served by electronic means pursuant to LBR 9013-1(d)(2) on the parties noted in the Court's ECF transmission facilities and/or by pre-paid USPS mail on the following parties:

Standard Auto Sales
1503 Broadwater Ave.
Billings, MT 59102

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

Montana Department of Revenue
P.O. Box 7701
Helena, MT 59604-7701

Advanced Radiology LTD
P.O. Box 23001
Pasadena, CA 91185

ALCOA Billing Center
3429 Regal Dr.
Alcoa, TN 37701

Altana Federal Credit Union
3212 Central Ave.
Billings, MT 59102

Anesthesia Partners
Department 0906
Denver, CO 80256

Animal Clinic of Billings
1420 10th Street W.
Billings, MT 59102

Billings Chiropractic Injury Clinic

1918 Broadwater Ave.
Billings, MT 59102

Billings Clinic
801 North 29th Street
Billings, MT 59101

Billings OBGYN
PO BOX 34215
1611 Zimmerman Trail
Billings, MT 59107

Caine & Weiner
12005 Ford Rd.
Dallas, TX 75234

Capital One Bank
P.O. Box 60599
City of Industry, CA 91716

CB1
P.O. Box 31213
Billings, MT 59107

CBB Collections
200 North 34th Street
Billings, MT 59102

CBO Collections
200 North 34th Street
Billings, MT 59102

Century Link
P.O. Box 91155
Seattle, WA 98111

City of Billings
Public Utilities
2251 Belknap Ave.
Billings, MT 59101

Convergent Outsourcing, Inc.
800 SW 39th Ste., Ste. 100
P.O. Box 9004
Renton, WA 98057

Credit Acceptance
P.O. Box 5070
Southfield, MI 48086

Credit Protection Association
13355 Noel Rd., Ste. 2100
Dallas, TX 75240

Credit Service  Co.
960 S. 24th Street
Billings, MT 59102

CU Recovery
26263 Forest Blvd.
Wyoming, MN 55092

Eastern Radiological
1233 North 30th Street
Billings, MT 59101

Energy Share
P.O. Box 5959
Helena, MT 59604

EOS CCA
P.O. Box 981008
Boston, MA 02298

ERC
P.O. Box 57610
Jacksonville, FL 32241

First Interstate Bank
401 N. 31st St.

PO Box 30918
Billings, MT 59101

IC System
P.O. Box 64437
Saint Paul, MN 55164

MDU
P.O. Box 5600
Bismarck, ND 58506

MS Services LLC.
123 W 1st St., Ste. 430
Casper, WY 82601

MSU Billings
1500 University Drive
Billings, MT 59101

Natera
P.O. Box 8427
Pasadena, CA 91109

National Credit Management
1177 N. Warson Rd.
Saint Louis, MO 63132

Northwestern Energy
11 East Park Street
Butte, MT 59701

Ortho Montana
Dept. 1362
Denver, CO 80256

Portfolio Recovery Associates
P.O. Box 12914
Norfolk, VA 23541

Progressive Leasing

256 W. Data Drive
Draper, UT 84020

Riverstone Health
123 S. 27th Street
Billings, MT 59101

Santander Consumer USA
P.O. Box 660633
Dallas, TX 75266

SCL Health
P.O. Box 912590
Denver, CO 80291

The Children's Clinic PC
3401 Ave E.
Billings, MT 59102

US Dept. of Education
P.O. Box 2287
Atlanta, GA 30301

US Dept. Vets
P.O. Box 11930
Saint Paul, MN 55111

Wells Fargo Card Services
1220 Concord Ave.
Concord, CA 94520

Charter Communications
P.O. Box 742614
Cincinnati, OH 45274

Jami Rebsom Law Firm
411 West Park Street
Livingston, MT 59047

Progressive Insurance

6300 Wilson Mills Rd.
Mayfield Village, OH 44143

Verizon Wireless
Po box 660108
Dallas, TX 75266

<u>/s/ Juliane E. Lore</u>
**For Lore Law Firm, PLLC**